RICHARD STEIGER v. JOHN COSGROVE.

Decided July 26, 1926.

**Negligence—Motor Vehicle Accident—Release Executed by Plaintiff After Accident—Suit Subsequently Brought on Ground That Release was Procured Through Fraud and Misrepresentation—Court Left Question of Fraud to Jury, Which Found for Plaintiff—Held, Verdict Against Great Preponderance of Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Mark Townsend, Jr.*

*Contra, William A. Kavanagh.*

PER CURIAM.

The defendant seeks by this rule to have set aside a verdict rendered against him in a suit brought by the plaintiff to recover compensation for injuries received by the latter when crossing Washington street, in Hoboken, where he was run down by an automobile of the defendant.

The defendant set up in his answer, among other matters, a release from liability for this action, executed to him by the plaintiff some two months after the accident occurred. The plaintiff admitted signing the release, but claimed that it was obtained from him through fraud and misrepresentation on the part of the defendant's agent, and that he was led to believe that it was merely a receipt for temporary financial relief advanced to the plaintiff by the defendant. The court left it to the jury to determine whether the release was or was not obtained through fraud, and on this question it found in favor of the plaintiff.

43

Our examination of the proofs leads us to the conclusion that this finding was in the face of the great preponderance of the evidence; that, in fact, the release was read over to the plaintiff and explained to him before signing; that he fully understood its purport when he signed it, and that he then intended to be bound by it.

For the reasons indicated, the rule to show cause will be made absolute.